IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 05-00344-01-CR-W-ODS |
| GARY EYE, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION TO DENY
DEFENDANT'S MOTION TO DISMISS THE INDICTMENT
FOR SELECTIVE PROSECUTION**

Before the court is defendant's motion to dismiss the indictment on the ground that he is the victim of selective prosecution. I find that defendant has failed even to allege that the decision to prosecute was motivated by a discriminatory purpose, and defendant has failed to produce any credible evidence that similarly-situated defendants of other races could have been prosecuted but were not. Therefore, his motion to dismiss should be denied.

*I.  BACKGROUND*

On September 29, 2005, an indictment was returned charging defendant with two counts of interference with federally protected activities, in violation of 18 U.S.C. § 245(b)(2)(B); one count of using or discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); two counts of using or discharging a

firearm during a crime of violence causing murder, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and (j)(1); one count of tampering with a witness, in violation of 18 U.S.C. §§ 1512(a)(1)(C) and (a)(3)(A); one count of obstruction of justice, in violation of 18 U.S.C. § 1519; and one count of using fire to commit a felony, in violation of 18 U.S.C. § 844(h)(1). Defendant filed the instant motion to dismiss the indictment on March 17, 2006 (document number 85).

On April 14, 2006, the government filed a response to defendant's motion (document number 98). The government argues that defendant has failed to overcome the presumption that the government has acted properly, and he has failed to produce evidence of a discriminatory effect or discriminatory purpose.

## *II. SELECTIVE PROSECUTION*

A selective-prosecution claim asks a court to exercise judicial power over a "special province" of the Executive. United States v. Armstrong, 517 U.S. 456, 464 (1996); Heckler v. Chaney, 470 U.S. 821, 832 (1985). The Attorney General and United States Attorneys retain broad discretion to enforce the nation's criminal laws. United States v. Armstrong, 517 U.S. at 464; Wayte v. United States, 470 U.S. 598, 607 (1985). They have this latitude because they are

2

designated by statute as the President's delegates to help him discharge his constitutional responsibility to "take Care that the Laws be faithfully executed."  U.S. Const., Art. II, § 3; See 28 U.S.C. §§ 516, 547.  As a result, "[t]he presumption of regularity supports" their prosecutorial decisions and, "in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."  United States v. Armstrong, 517 U.S. at 464.  In the ordinary case, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in the prosecutor's discretion.  Id.; Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978).

Of course, a prosecutor's discretion is subject to constitutional constraints.  United States v. Armstrong, 517 U.S. at 464; United States v. Batchelder, 442 U.S. 114, 125 (1979).  One of these constraints, imposed by the Equal Protection component of the Due Process Clause of the Fifth Amendment, is that the decision whether to prosecute may not be based on an unjustifiable standard such as race, religion, or other arbitrary classification.  United States

3

v. Armstrong, 517 U.S. at 464; Oyler v. Boles, 368 U.S. 448, 456 (1962). A defendant may demonstrate that the administration of a criminal law is "directed so exclusively against a particular class of persons . . . with a mind so unequal and oppressive" that the system of prosecution amounts to "a practical denial" of equal protection of the law. United States v. Armstrong, 517 U.S. at 464-465 (quoting Yick Wo v. Hopkins, 118 U.S. 356, 373 (1886)).

In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present clear evidence to the contrary. United States v. Armstrong, 517 U.S. at 465. Courts are hesitant to examine the decision whether to prosecute and generally defer to the decisions of the executive branch. Wayte v. United States, 470 U.S. 598, 608 (1985). "Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake." United States v. Armstrong, 517 U.S. at 465 (quoting Wayte v. United States, 470 U.S. at 607). In addition, courts should not unnecessarily impair the performance of a core executive

4

constitutional function. "Examining the basis of a prosecution delays the criminal proceeding, threatens to chill law enforcement by subjecting the prosecutor's motives and decisionmaking to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy." United States v. Armstrong, 517 U.S. at 465 (quoting Wayte v. United States, 470 U.S. at 607).

The requirements for a selective-prosecution claim draw on ordinary equal protection standards. Id. The defendant must demonstrate that the decision to prosecute had a discriminatory effect and that it was motivated by a discriminatory purpose. Id. To establish a discriminatory effect in a race case, the defendant must show that similarly-situated individuals of a different race were not prosecuted. Id. Such a showing is required when the power of a federal court is invoked to challenge an exercise of one of the core powers of the Executive Branch of the Federal Government, that is, the power to prosecute. Id.

First, defendant has failed even to allege that the decision to prosecute was motivated by a discriminatory purpose. Therefore, without much analysis, it is clear that defendant's motion must fail.

5

Second, defendant has failed to establish that the decision to prosecute has a discriminatory effect. Defendant cites a newspaper article about two black men who randomly murdered a white man and who have not been charged with a hate crime in federal court. This example does not satisfy the high burden faced by defendant.

In <u>United States v. Armstrong</u>, 517 U.S. 456 (1996), African-Americans charged in federal court with crack cocaine offenses alleged selective prosecution. In support of their motion, the defendants in that case presented (1) an affidavit by a paralegal employed by the Federal Public Defender representing one of the respondents which stated that in every one of the § 841 or § 846 cases closed by the office during 1991, the defendant was black; (2) an affidavit from one of the defense attorneys alleging that an intake coordinator at a drug treatment center had told her that there are an equal number of Caucasian users and dealers to minority users and dealers; (3) an affidavit from a criminal defense attorney alleging that in his experience many non-blacks are prosecuted in state court for crack offenses; and (4) a newspaper article reporting that federal crack criminals are being punished far more severely than if they had been caught with powder cocaine, and almost every

6

single one of them is black. Id. at 460-461. The Supreme Court held that these allegations are not enough to establish discriminatory effect.

> [I]f the claim of selective prosecution were well founded, it should not have been an insuperable task to prove that persons of other races were being treated differently than respondents. For instance, respondents could have investigated whether similarly situated persons of other races were prosecuted by the State of California and were known to federal law enforcement officers, but were not prosecuted in federal court.[1] We think the required threshold -- a credible showing of different treatment of similarly situated persons -- adequately balances the Government's interest in vigorous prosecution and the defendant's interest in avoiding selective prosecution.

Id. at 470.

In this case, defendant has offered no evidence other than a newspaper article about two black men who randomly murdered a white man. There is no allegation in the article or in defendant's motion that race was a motivating factor in that murder, an essential element of the offense for which defendant Eye is charged. As the government points out, the article states that "the original plan was to knock on the door of a private residence and shoot whoever answered the door." The example offered by defendant is clearly not one involving a similarly-situated person

---

[1] The Court held that allegations and hearsay are not sufficient.

because there is no evidence that the murder described is one over which this court would have jurisdiction.

Therefore, because defendant has failed to satisfy both prongs of the threshold showing required to make a selective prosecution claim, his motion to dismiss on this basis should be denied.

### III. DISCOVERY

Defendant additionally moves for discovery of internal correspondence between the Justice Department and the United States Attorney's Office as well as statistical data regarding the number of times a § 245 prosecution has been authorized in a black-on-white setting versus a white-on-black setting. Defendant is not entitled to this material.

To establish entitlement to discovery on a claim of selective prosecution based on race, the defendant must produce credible evidence that similarly-situated defendants of other races could have been prosecuted, but were not. United States v. Armstrong, 517 U.S. at 469.

> If discovery is ordered, the Government must assemble from its own files documents which might corroborate or refute the defendant's claim. Discovery thus imposes many of the costs present when the Government must respond to a prima facie case of selective prosecution. It will divert prosecutors' resources and may disclose the Government's prosecutorial strategy. The justifications for a rigorous standard for the elements of a selective-prosecution claim thus require a

8

>       correspondingly rigorous standard for discovery in aid
>       of such a claim.

Id. at 468.

Because defendant has failed to produce any credible evidence that similarly-situated defendants of other races could have been prosecuted but were not, he is not entitled to the discovery sought.

## *IV.  CONCLUSION*

Because defendant has failed even to allege that the decision to prosecute was motivated by a discriminatory purpose and defendant has failed to produce any credible evidence that similarly-situated defendants of other races could have been prosecuted but were not, he is not entitled to the requested discovery and has not made the threshold showing of selective prosecution.  Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order denying defendant's motion to dismiss the indictment on the ground of selective prosecution.  It is further

ORDERED that defendant's additional motion for discovery on this issue is denied.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has ten days from the date of receipt of a

copy of this report and recommendation to file and serve specific objections.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
May 2, 2006

10