IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-00344-01-CR-W-ODS |
| | ) | |
| GARY EYE, | ) | |
| | ) | |
| Defendant. | ) | |

NOTICE OF INTENT TO SEEK THE DEATH PENALTY

COMES NOW the United States of America, by Bradley J. Schlozman, United States Attorney, David Ketchmark and D. Michael Green, Assistant United States Attorneys, all for the Western District of Missouri, and Wan J. Kim, Assistant Attorney General, Civil Rights Division, by Lisa Krigsten, Special Litigation Counsel, Civil Rights Division, pursuant to Title 18, United States Code, Section 3593(a), and notifies the Court and defendant GARY EYE, that the Government believes the circumstances of the offenses charged in Counts Three, Four, Five or Six of the Superseding Indictment, are such that, in the event of a conviction, a sentence of death is justified under Chapter 228 (Sections 3591 through 3598) of Title 18 of the United States Code, and that the Government will seek the sentence of death for the following offenses: (1) Interference with a Federally Protected Activity resulting in the death of William McCay, in violation of Title 18, United States Code, Section 245 [Count Three]; (2) Use or discharge of a firearm during a crime of violence causing the

death of William McCay, in violation of Title 18, United States Code, Section 924 [Counts Four and Six]; and (3) Tampering with a witness resulting in the death of William McCay, in violation of Title 18, United States Code, Section 1512 [Count Five], each of which carries a possible sentence of death upon conviction.

The United States believes that the circumstances of each charged offense are such that a sentence of death is justified under Chapter 228 of Title 18 of the United States Code and will seek to prove the following factors as the basis for imposition of the death penalty:

A. Age Qualifying Factor Pursuant to Title 18, United States Code, Section 3591(a)

   1. Defendant Gary Eye was not less than eighteen (18) years of age at the time William McCay was murdered. [18 U.S.C. § 3591(a)].

B. Threshold Eligibility Factors Enumerated Pursuant to Title 18, United States Code, Section 3591(a)(2)(A) through (D)

   The following statutory proportionality factors apply to each of Counts Three, Four, Five, and Six.

   1. Defendant Gary Eye intentionally killed William McCay. [18 U.S.C. § 3591(a)(2)(A)].

   2. Defendant Gary Eye intentionally inflicted serious bodily injury which resulted in the death of William McCay. [18 U.S.C. § 3591(a)(2)(B)].

   3. Defendant Gary Eye intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force

2

would be used in connection with a person, other than one of the participants of the offense, and William McCay died as a direct result of the act. [18 U.S.C. § 3591(a)(2)(C)].

    4.    Defendant Gary Eye intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and William McCay died as a direct result of the act. [18 U.S.C. § 3591(a)(2)(D)].

C.    Statutory Aggravating Factors Enumerated Pursuant to Title 18, United States Code, Section 3592(c)

The following statutory aggravating factors apply to each of Counts Three, Four, Five, and Six.

    1.    Defendant Gary Eye committed the murder after substantial planning and premeditation to cause the death of a person. [18 U.S.C.§ 3592(c)(9)].

D.    Non-Statutory Aggravating Factors Enumerated Pursuant to Title 18, United States Code, Sections 3592(c) and 3593(a)

    1.    Defendant Gary Eye poses a threat of future dangerousness, based upon the probability that he would commit criminal acts of violence that would constitute a continuing threat to society, as evidenced for example, by one or more of the following, among others:

a. The defendant has demonstrated a lack of remorse for the capital offenses committed in this case, as indicated by defendant's statements during the course of and following the offenses alleged in the Superseding Indictment and defendant's actions during the course of and following the offenses alleged in the Superseding Indictment.

2. Defendant Gary Eye caused injury, harm, and loss to William McCay, William McCay's family, and William McCay's friends, as demonstrated by William McCay's personal characteristics as an individual human being. *Payne v. Tennessee*, 111 S. Ct. 2597, 2608-09 (1991). The United States will present information concerning the effect of the offense on the above parties, which may include oral testimony, a victim impact statement, and/or demonstrative exhibits which detail the extent and scope of the injury and loss suffered by William McCay, his family, his friends, and any other person or persons who suffered a loss upon William McCay's murder. [18 U.S.C. § 3593(a)].

3. That defendant Gary Eye intentionally selected William McCay as the object of the offense in Counts One and Three because of the actual or perceived race, color, national origin or ethnicity of William McCay.

4

4. That defendant Gary Eye willfully obstructed and impeded, and attempted to obstruct and impede, the administration of justice during the course of the investigation into the offenses contained in the Superseding Indictment.

The Government further gives notice that in support of imposition of the death penalty it intends to rely upon all the evidence admitted by the Court at the guilt phase of the trial and the offenses of conviction as described in the Superseding Indictment as they relate to the background and character of the defendant, Gary Eye, his moral culpability, and the nature and circumstances of the offenses charged in the Superseding Indictment.

Respectfully submitted,

*/s/ Bradley J. Schlozman*

Bradley J. Schlozman
United States Attorney

David Ketchmark
Assistant United States Attorney

D. Michael Green
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, 5th Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

Wan J. Kim
Assistant Attorney General
Civil Rights Division

By  */s/ Lisa Krigsten*

Lisa Krigsten
Special Litigation Counsel, Criminal Section
Civil Rights Division

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served this _17th_ day of July 2006, by electronic notice on those parties having entered their appearance under the Electronic Filing System (ECF), and by U.S. Mail, postage prepaid, on those parties having requested notice by conventional service.

John Osgood, Attorney for Defendant Eye
Commercial Federal Bank Bldg.
740 NW Blue Parkway, Suite 305
Lee's Summit, MO 64086

Charlie Rogers, Attorney for Defendant Sandstrom
Wyrsch Hobbs & Mirakian, P.C.
1000 Walnut, Suite 1600
Kansas City, MO 64106

John Gromowsky, Attorney for Defendant Sandstrom
1125 Grand Blvd.
Suite 900
Kansas City, MO 64106

*/s/ David Ketchmark*
David Ketchmark
Assistant United States Attorney