IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 05-00344-01-CR-W-ODS |
| GARY EYE, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION TO DENY
DEFENDANT'S MOTION TO DISMISS COUNT NINE**

Before the court is defendant's motion to dismiss count nine on the ground that count nine is improperly joined with counts one through eight. I find that all of the offenses charged in the superseding indictment are properly joined; therefore, defendant's motion should be denied.

*I. BACKGROUND*

On September 29, 2005, an indictment was returned charging defendant with two counts of interference with federally protected activities, in violation of 18 U.S.C. § 245(b)(2)(B); one count of using or discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); two counts of using or discharging a firearm during a crime of violence causing murder, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and (j)(1); one count of tampering with a witness, in violation of 18 U.S.C. §§ 1512(a)(1)(C) and (a)(3)(A); one count of obstruction of justice, in violation of 18 U.S.C. § 1519; and one count of

using fire to commit a felony, in violation of 18 U.S.C. § 844(h)(1). Co-defendant Steven Sandstrom was charged in all of these counts and with one count of threatening to retaliate against a federal witness, in violation of 18 U.S.C. § 1513(b)(2), the count defendant argues is improperly joined.

On March 17, 2006, defendant filed a motion to dismiss count nine, in which he is not named, on the ground that it is improperly joined (document number 82).

On April 14, 2006, the government filed a response in opposition to the motion, arguing that even if defendant had standing to challenge count nine, the remedy would be severance and not dismissal, and that the count is properly joined (document number 96).

## II. DISCUSSION

On April 27, 2006, I entered an order granting co-defendant Sandstrom's motion to sever count nine because it was impossible to tell from the face of the indictment that all of the offenses charged were part of the same series of acts or transactions. Count nine involved threatening a person for providing information about "a federal offense", i.e., the murder of William McCay. However, the indictment did not refer to the other counts in the indictment (dealing with the murder of McCay) nor did the indictment in count nine incorporate any of the other counts by reference.

2

On May 17, 2006, a superseding indictment was returned which, among other things, incorporated into count nine the offenses charged in counts one through six, the counts dealing with the murder of William McCay.  Therefore, on May 30, 2006, I entered an order giving the parties time to brief the severance issue given the superseding indictment.  None of the parties submitted briefs.  On June 7, 2006, I vacated the severance order and denied co-defendant Sandstrom's motion to sever counts, finding that all of the counts in the superseding indictment were properly joined.

### *III. CONCLUSION*

Defendant's motion is based on the failure of count nine in the original indictment to incorporate any of counts one through six.  The superseding indictment corrected that error and count nine now properly incorporates counts one through six by reference.  Indeed, when given an opportunity to challenge that finding prior to my vacating my order granting severance of counts, defendant declined to do so.  Therefore, I find that even if defendant had standing to raise this issue (as he is not charged in count nine), his argument is now without merit.  Because count nine is properly joined with the other counts in the superseding indictment, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order

3

denying defendant's motion to dismiss count nine on the ground that it is improperly joined.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has ten days from the date of receipt of a copy of this report and recommendation to file and serve specific objections.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
August 11, 2006