IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-00344-01-CR-W-ODS |
| | ) | |
| GARY EYE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OVERRULING DEFENDANT'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND DENYING DEFENDANT'S MOTION TO DISMISS COUNT IX

On August 11, 2006, the Honorable Robert E. Larsen, United States Magistrate Judge for the Western District of Missouri, issued his Report and Recommendation ("the Report") recommending the Court deny Defendant's Motion to Dismiss Count IX. Defendant has filed a timely objection, and the Court has reviewed the Report and parties' submissions on the matter; having done so, the Court adopts the Report as the Order of the Court and denies Defendant's Motion to Dismiss.

Counts I through VIII charge Defendants Gary Eye and Steven Sandstrom with various crimes surrounding the death of William McCay. Count IX of the original Indictment charged Sandstrom (but not Eye) with threatening a person for providing information about a federal offense, but did not allege a connection between Count IX and the other eight counts of the Indictment. On April 27, 2006, Judge Larsen granted a motion to sever count IX; on May 17, a Superseding Indictment was returned charging Sandstrom threatened a person for providing information about the federal crimes charged in Counts I - VIII, thereby providing the connection to the remaining counts Judge Larsen found to be lacking in the original Indictment. Judge Larsen provided the parties an opportunity to supplement their briefing; none of the parties took advantage of this opportunity. He then vacated his previous order, denied Sandstrom's Motion to

Sever, and (in the Report at issue here) denied Eye's Motion to Dismiss Count Nine for Improper Joinder.[1]

Defendant's objections rely solely on the arguments presented in his original motion. The original motion argued Count IX was improperly joined and needed to be dismissed because there was no connection between Count IX and the other charges involving Defendant. This characterization is no longer correct in light of the Superseding Indictment. Moreover, the Court believes the jury can be adequately instructed to preclude any improper prejudice to Defendant.

Defendants' objections are overruled, the Report is adopted as the Order of the Court, and the Motion to Dismiss Count IX is denied.

IT IS SO ORDERED.

DATE: September 15, 2006

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Court does not construe the Report's recitation of the procedural history as an effort to demonstrate Defendant has waived his right to object to Judge Larsen's ruling. Instead, it is simply a recitation of the procedural history.

2