IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-00344-01-CR-W-ODS |
| ) | |
| GARY EYE, ) | |
| ) | |
| Defendant. ) | |

ORDER OVERRULING DEFENDANT'S OBJECTIONS, ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND DENYING
DEFENDANT'S MOTION TO DISMISS FOR MULTIPLICITY

On August 11, 2006, the Honorable Robert E. Larsen, United States Magistrate Judge for the Western District of Missouri, issued his Report and Recommendation ("the Report") recommending the Court deny Defendant's Motion to Dismiss Counts Two, Four and Six Based on Multiplicity. Defendant has filed a timely objection, and the Court has reviewed the Report and parties' submissions on the matter; having done so, the Court adopts the Report as the Order of the Court and denies Defendant's Motion to Dismiss.

The Report is comprehensive and well-written, and little needs to be added to its discussion of the issues. The Court agrees with the Report's conclusion that 18 U.S.C. § 245(b)(2)(B) does not criminalize a course of conduct, but rather criminalizes each separate act of intimidation or interference. Consequently, the Indictment's separate charges stemming from (1) Defendant's actions near 9th Street and Spruce Avenue and (2) his actions near 9th Street and Brighton Avenue is not legally improper.

Defendant contends Judge Larsen should have conducted a hearing and determine whether the two incidents are separate (as alleged by the Government) or constitute a single "transaction" (as alleged by Defendant). The Court disagrees; the Motion to Dismiss challenges the legal sufficiency of the Indictment, not its factual basis. Defendant essentially wants to challenge the Grand Jury's determination of probable

cause or to construct a criminal counterpart to summary judgment, but these efforts are not viable.

Within his motion, Defendant also contends the Government must elect between pursuing Counts I, III and V; the Report rejected this argument, and the Court adopts the Report's recommendation. Counts III and V are not multiplicitous because each requires proof of an element the other does not: Count III requires proof Defendant was motivated by the victim's race, and Count V requires proof Defendant intended to prevent the victim from communicating information about the crime to law enforcement officials. Counts III and V both require proof Defendant killed the victim, which is not required for Count I. Additionally, Count I involves (as discussed earlier) a different event at a different place at a different time than the event involved in Counts III and V. Finally, as Defendant observes, this entire argument is "arguably . . . premature," and the Court remains free to reconsider this (or any other) decision once facts are developed at trial. For present purposes, it is sufficient to state Defendant has not demonstrated the Government is obligated to elect between these three counts.

Defendant's objections are overruled, the Report is adopted as the Order of the Court, and the Motion to Dismiss Counts One, Four and Six Based on Multiplicity is denied.

IT IS SO ORDERED.

DATE: September 15, 2006

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT