IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-00344-01-CR-W-ODS |
| ) | |
| GARY EYE, ) | |
| ) | |
| Defendant. ) | |

**ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO SUPPRESS AND (2) DENYING DEFENDNT'S MOTION TO EXCLUDE TESTIMONY FROM ERIC EYMARD AND JUSTIN BUCHANAN**

On January 22, 2008, Defendant filed a motion asserting various grounds for barring the testimony of Eric Eymard and Justin Buchanan. One of these grounds alleged violations of Defendant's attorney/client privilege. On March 11, the undersigned referred this issue to the Honorable Robert E. Larsen for an evidentiary hearing on this aspect of Defendant's motion. However, Judge Larsen was advised he "need not address the Bruton and Rule 403 issues presented in the motion."

On April 3, 2008, Judge Larsen issued his Report and Recommendation recommending that the Court hold Defendant's attorney/client privilege was not violated. Neither party filed objections to the Report and Recommendation, and the time for doing so has passed. 28 U.S.C. § 636(b)(1)(C); Local Rule 74.1(a)(2). Accordingly, Judge Larsen's Report and Recommendation (Doc. # 361) is adopted as the Order of the Court.

The remaining aspects of Defendant's motion are also rejected. Eye contends these witnesses' statements cannot be admitted without violating Bruton v. United States, 391 U.S. 123 (1968). The Court has previously declined to accept the "impossibility" of complying with Bruton, and the Court's prior orders (specifically, Doc. # 345 and Doc. # 373) will provide Defendant with sufficient information to object to specific statements he deems appropriate. Finally, consistent with the Court's prior

rulings (specifically, Doc. # 345) the Court declines to bar these witnesses from providing testimony about threats made against witnesses. Defendant is free to make specific objections at trial, and is also free to attack the credibility of these witnesses. However, the Court adheres to its decision that evidence of these matters may be admitted at trial.

      Defendant's motion (Doc. # 303) is denied.

IT IS SO ORDERED.

                                                                    /s/ Ortrie D. Smith
                                                                    ORTRIE D. SMITH, JUDGE
DATE: April 15, 2008                          UNITED STATES DISTRICT COURT